IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN NEVITT,

    Plaintiff,

vs.                                                             Civ. No. 03-155 JP/WDS

THOMAS G. FITCH,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On February 24, 2003, the Defendant filed a Motion to Dismiss and Memorandum in Support (Doc. No. 5). On April 22, 2003, the Court granted the *pro se* Plaintiff's Motion to File Surreply in Opposition to Defendant Thomas Fitch's Reply in Support of the Defendant's Motion to Dismiss (Doc. No. 10) and allowed the Plaintiff until May 5, 2003 to file a surreply. The Plaintiff untimely filed the surreply on May 13, 2003. The Court will, therefore, not consider the surreply in deciding this Motion to Dismiss. Having considered the timely filed briefs and the relevant law, the Court finds that the Motion to Dismiss should be granted.

A. Background

    1. The State Case

This federal court action arises from a 1994 state court water adjudication case, CV 94-10. Defendant Thomas G. Fitch, a state district judge, presided in the state case. The state case was originally brought by Mick and Jennifer Chapel against Susan Nevitt and her mother, Norma Nevitt. Judge Fitch subsequently allowed Susan Nevitt's husband, David Derringer, to intervene in the state court case in 2000.

On May 17, 1996, Judge Fitch entered a judgment on a jury verdict which included a permanent injunction in favor of the Chapels. The Nevitts appealed the judgment and the New Mexico Court of Appeals affirmed the judgment. In July 2000, the Chapels filed a motion to enforce the judgment. The case was again tried in July 2001. The trial resulted in a judgment against the Nevitts and Derringer. The Nevitts and Derringer appealed that judgment and the New Mexico Court of Appeals affirmed the judgment.

In August 2002, the Chapels filed a motion to enforce the 1996 injunction and the 2001 judgment. On January 13, 2003 Judge Fitch held a third trial at which Derringer appeared but the Nevitts did not. Following the third trial, Judge Fitch entered a Decision on January 28, 2003 which awarded the Chapels $3,545.00 in compensatory damages, $20,000 in punitive damages, and reasonable attorney's fees. Judge Fitch also held that if the Nevitts and Derringer failed to remove the Moonbeam and Cattail dams within 45 days, the Chapels would have the right to enter upon the property owned by Susan Nevitt and Derringer to remove those dams. Judge Fitch further held that the Nevitts and Derringer would be fined $100.00 a day for each day they failed to comply with the injunctions issued in CV 94-10. In addition, Judge Fitch entered a Decision and Order on January 28, 2003 which granted the Chapels' Motion for Injunction to Enjoin the Filing of Additional Motions, Pleadings or Other Papers by *Pro Se* Defendants.

    2.  Plaintiff's First Federal Case

On December 17, 2002, the Plaintiff filed a federal suit against Judge Fitch. The case was assigned to United States District Judge William P. Johnson, Civ. No. 02-1580 WPJ/LFG (*Nevitt I*). *Nevitt I* arose from the alleged actions by Judge Fitch in connection with CV 94-10. The Plaintiff alleged obstruction of justice; terrorism; Fourteenth, First and Nineteenth Amendment

2

violations by harassment, threatening sexual abuse, stalking, and phone harassment; conspiracy; violation of state statutes, the state constitution, and state civil rights; and intentional infliction of emotional distress. On December 31, 2002, Judge Johnson *sua sponte* dismissed *Nevitt I* with prejudice on the grounds of judicial immunity. Memorandum Opinion and Order Striking Plaintiff's Peremptory Challenge and Dismissing Case (Doc. No. 4). On January 9, 2003, the Plaintiff filed a Motion for New Trial and for Relief from Judgment and Order of December 31, 2002 (Doc. No. 6). Judge Johnson denied this motion on January 23, 2003 (Doc. No. 8). On January 31, 2003, the Plaintiff filed a notice of appeal (Doc. No. 9). The appeal is still pending.

      3. Plaintiff's Second Federal Case

The Plaintiff filed this second federal case on February 3, 2003. Like Judge Johnson's case, this case is based on the alleged actions by Judge Fitch with respect to CV 94-10 . The Plaintiff, however, added allegations to the Complaint in this case based on actions occurring subsequent to the filing of the Complaint in *Nevitt I*. First, the Plaintiff alleges that on January 4, 2003, she "received a phone call from an unknown male from a pay phone in the Albuquerque area stating: 'David's going to jail after the hearing. He won't make it out alive. Have you ever smelled burning flesh Susan?'" Complaint at ¶33. The Plaintiff "feels that it was Defendant Fitch that made the death threat phone call on January 4, 2003 to terrorize her so that she would not appear in the hearing of January 16, 2003." *Id*. at ¶34. Second, the Plaintiff alleges that Judge Fitch improperly conducted the third state trial held on January 16, 2003. Third, the Plaintiff alleges that Judge Fitch improperly entered the two January 28, 2003 decisions and orders. *Id*. at ¶¶34, 36-40, 42- 45.

3

The Complaint in this case also alleges several legal theories not raised in *Nevitt I*. Plaintiff alleges violations of 42 U.S.C. §1986, 42 U.S.C. §1983, 42 U.S.C. §1981(a), 18 U.S.C. §1505, and 18 U.S.C. §1512; conspiracy to interfere with civil rights; intentional infliction of emotional distress; and solicitation to commit a crime of violence.  The Plaintiff seeks compensatory damages, a stay of CV 94-10, a permanent restraining order against Judge Fitch to prevent "domestic terrorism," and the entry of an order requiring Judge Fitch to issue a certificate of compliance.  *Id*. at pg. 43.

    4.  The Motion to Dismiss

Judge Fitch's motion to dismiss is based on three arguments.  First, Judge Fitch argues that dismissal is appropriate under the doctrine of *res judicata*.  Second, Judge Fitch argues that he is nonetheless entitled to judicial immunity.  Third, Judge Fitch argues that the Plaintiff has failed to state a claim upon which relief can be granted with respect to her allegation about the threatening January 2003 phone call.

B.  Standard

In considering a motion to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A court is likewise required to liberally construe a *pro se* plaintiff's pleadings; however, mere conclusory allegations will not support a claim without supporting factual averments.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United*

*States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply factual allegations to support a *pro se* plaintiff's claim for relief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

C. Discussion

    1.  The Local Rules

The Court notes that both the Plaintiff and Judge Fitch have failed to comply with various local rules with respect to this motion to dismiss.  The Court notes first that Judge Fitch failed to comply with  D.N.M. LR-Cv 7.4(a).  Local Rule 7.4(a) states that in *pro se* cases

> [the] Movant must request concurrence of each party, at least (3) working days before filing a motion.  Movant must recite that concurrence was refused or explain why concurrence could not be obtained.  A motion that omits recitation of a good-faith request for concurrence *may* be summarily denied.

(Emphasis added).  Under Local Rule 7.4(a), summary denial of a motion for failure to include a recitation of a good faith request for concurrence is discretionary. Although Judge Fitch did not comply with Local Rule 7.4(a), it appears that he may not have been aware of the rule and did not intentionally violate it.  Moreover, the purpose of Local Rule 7.4(a), to avoid the filing of uncontested motions, would not have been fulfilled in this case because the motion to dismiss is in fact contested.  The Court will, therefore, not summarily deny the motion to dismiss under Local Rule 7.4(a).  However, the Court expects Judge Fitch to carefully read the local rules and to comply with the local rules in the future.

  Second, the Court notes that the Plaintiff violated D.N.M. LR-Cv 7.7 and 10.5.  Local Rule 7.7 limits the pages of a response brief to 24 pages and Local Rule 10.5 limits the number of exhibit pages to 50 pages.  Although the Plaintiff has prior litigation experience in federal court,

5

the Court will nonetheless consider the Plaintiff's *pro se* status and not strike the Plaintiff's response and its attached exhibits for violating Local Rules 7.7. and 10.5. The Court, however, also expects the Plaintiff to carefully read the local rules and comply with them in the future.

    2. *Res Judicata*

With the exception of Plaintiff's allegations regarding the January 2003 threatening telephone call,[1] Judge Fitch argues that based on *Nevitt I* the doctrine of *res judicata* precludes the Plaintiff's claims in this case. *Res judicata* applies when the prior action involved the same parties or their privies; the prior action involved the same claim or cause of action; and the prior action resulted in a final judgment on the merits. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237-38 (10th Cir.), *cert. denied*, 506 U.S. 832 (1992).

Here, *Nevitt I* involved the same parties that are involved in this case. Additionally, with the exception of the alleged post-*Nevitt I* actions by Judge Fitch, the transactional approach adopted by the Tenth Circuit Court of Appeals directs that the claims in *Nevitt I* be considered the same as the claims in this case. *See id*. at 1238 (quoting the Restatement (Second) of Judgments §24 (1982)(describing transactional approach); *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1202-03 (10th Cir. 2000)(*res judicata* does not bar a lawsuit based on acts occurring after the first action was filed)(citations omitted)). Moreover, to the extent that the relevant claims in this case are different from those in *Nevitt I* but could have been raised in *Nevitt I*, those claims are likewise precluded under the doctrine of *res judicata*. *Id*. Furthermore, the fact that the Plaintiff is alleging various new legal theories does not defeat the application of *res judicata*. *Id*.

---

[1] Judge Fitch also excepts from his *res judicata* argument Plaintiff's supposed post-*Nevitt I* allegation that an unknown man was stalking her. The Complaint, however, only mentions pre-*Nevitt I* allegations of stalking.

Finally, *Nevitt I* resulted in a final judgment on the merits although an appeal is pending. It is well-established "that a final trial-court judgment operates as res judicata while an appeal is pending." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* §4433 at 88. The Court finds that the doctrine of *res judicata* precludes the Plaintiff from raising all of the claims in this case, except the post-*Nevitt I* claims. Consequently, all but the *post-Nevitt I* claims are subject to dismissal without prejudice. *See Lee v. Criterion Ins. Co.*, 659 F.Supp. 813, 820 (S.D. Ga. 1987)(dismissal of claims without prejudice based on *res judicata* is appropriate when there is a pending appeal in the prior action and there are no considerations that would justify the court from staying the second case pending the resolution of the appeal in the prior action).

    3. Judicial Immunity and the Post-*Nevitt I* Claims

Having found that the post-*Nevitt I* claims (the alleged January 2003 threatening phone call, the alleged improprieties at the January 2003 trial in CV 94-10, and the allegedly improper January 2003 orders) are not subject to dismissal under the doctrine of *res judicata*, the Court will discuss whether the claims based on the January 2003 trial and the January 2003 orders are subject to dismissal under the doctrine of judicial immunity.

    a. The Post-*Nevitt I* 42 U.S.C. §1983 Claims

A judge is absolutely immune from a §1983 suit for damages for judicial acts for which the judge has at least a semblance of subject matter jurisdiction. *See Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir. 1983)(citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). The defense of absolute judicial immunity is not defeated by allegations of conspiracy, bad faith, malice, or erroneous rulings. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985); *Dorman v. Higgins*, 821 F.2d 133, 139 (2nd Cir. 1987)(citations omitted). Judge Fitch's conduct at the January 2003 trial and his

entry of the January 2003 orders are judicial acts. Moreover, Judge Fitch acted within the state court's general jurisdiction when he engaged in those actions. *See* N.M. Const. Art. VI, §13. *See also* NMSA 1978, §72-4-17 (1907)(state court has exclusive jurisdiction to hear water adjudication cases). Judge Fitch, therefore, is immune from damages for the post-*Nevitt I* §1983 claims.

Judge Fitch is also immune from the injunctive relief the Plaintiff seeks for the post-*Nevitt I* §1983 claims. Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Since Judge Fitch's actions with respect to the January 2003 trial and the January 2003 orders were taken in his judicial capacity, Judge Fitch is likewise immune from injunctive relief for those alleged post-*Nevitt I* §1983 claims. The post-*Nevitt I* §1983 claims based on the January 2003 trial and the January 2003 orders will, therefore, be dismissed with prejudice.

      b. The Other Post-*Nevitt I* Claims

Like judicial immunity under §1983, common law judicial immunity "attaches if (1) the acts complained of are judicial in nature, and (2) the court had jurisdiction over the subject matter of the case." *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir.), *cert. denied*, 498 U.S. 999 (1990)(citations omitted). Also, like judicial immunity under §1983, common law judicial immunity attaches even if the judicial "decision is erroneous, malicious, or [made] in excess of [the judge's] judicial authority." *Id*. Common law judicial immunity, however, does not attach when injunctive relief is sought. *Pulliam v. Allen*, 466 U.S. 522, 536-37 (1984). For the same

reasons that Judge Fitch is immune from damages for the post-*Nevitt I* §1983 claims, Judge Fitch is immune from damages for the other post-*Nevitt I* claims based on the January 2003 trial and the January 2003 orders. Those claims will be dismissed with prejudice. Judge Fitch, on the other hand, is not immune from the injunctive relief sought for those post-*Nevitt I* claims.

    4. The Remaining Post-*Nevitt I* Claims for Injunctive Relief Based on the January 2003 Trial and January 2003 Orders

The injunctive relief the Plaintiff seeks with respect to the remaining post-*Nevitt I* claims based on the January 2003 trial and the January 2003 orders is a stay of CV 94-10 and "an Order requiring the Defendant to issue a certificate of compliance...." Complaint at pg. 43. These claims for injunctive relief are subject to dismissal under *Younger* abstention[2] and the *Rooker-Feldman* doctrine, respectively.

      a. *Younger* Abstention

A court can abstain from exercising jurisdiction over a claim under several theories of abstention. *Younger* abstention, the theory of abstention relevant to the Plaintiff's request to stay CV 94-10, is appropriate when "'(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)(quoting *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163

---

[2]The Court can *sua sponte* raise the issue of the applicability of *Younger* abstention. *Semnani v. Anderson*, 74 F.Supp.2d 1046, 1047 (D. Utah 1999)(citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Morrow v. Winslow*, 94 F.3d 1386, 1390-91 (10th Cir. 1996), *cert. denied*, 520 U.S. 1143 (1997)).

(10th Cir. 1999)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id*. (citation omitted).

In this case, CV 94-10 is apparently an ongoing civil proceeding because the state court continues to retain jurisdiction over the case to enforce the continuing injunctive relief ordered against the Nevitts and Derringer.   In addition, there is no indication that the Plaintiff cannot adequately raise her federal lawsuit claims in state court. *See Crown Point I*, 319 F.2d at 1215 ("Typically, a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.'")(quoting *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)).  Finally, CV 94-10 involves an important state interest, namely, the state's "strong interest in comprehensive water regulation." *See Confederated Salish v. Simonich*, 29 F.3d 1398, 1401 (9th Cir. 1994). *See also Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545, 551 (1983)(there is an important federal interest in the state adjudicating water rights in a single comprehensive state proceeding). In the absence of extraordinary circumstances, *Younger* abstention applies to this case and dictates a dismissal without prejudice of the remaining post-*Nevitt I* claims seeking a stay of CV 94-10.

One could attempt to argue, however, that CV 94-10 is not an ongoing proceeding and that *Younger* abstention, therefore, does not apply. *See* 1939-40 Op. N.M. Att'y Gen. 107 (water adjudication statutes do not provide for continuing jurisdiction once a decree adjudicating waters has been entered but a decree can apparently reserve jurisdiction).  Even if that were the case, the remaining post-*Nevitt I* claims seeking a stay would nonetheless be subject to dismissal.  It defies

logic to assert that a plaintiff can request a stay of a terminated case. Consequently, the Plaintiff has failed to allege a factual or legal basis for staying CV 94-10.

    b. *Rooker-Feldman* Doctrine

The Court, in liberally reading the Plaintiff's complaint, construes the Plaintiff's request to order Judge Fitch to issue a certificate of compliance as a request to have Judge Fitch find for the Plaintiff in CV 94-10. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review or reverse a state court judgment. *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). Any such review must be addressed directly to the United States Supreme Court. *Id*. The *Rooker-Feldman* doctrine applies to all state court judgments, whether they are final or not. *Kenmen Engineering v. City of Union*, 314 F.3d 468, 473-74 (10th Cir. 2002). Should the *Rooker-Feldman* doctrine apply to a federal case, that case will be dismissed for lack of federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[3] *See id.* at 473. In this case, the *Rooker-Feldman* doctrine plainly applies to the Plaintiff's request that Judge Fitch issue a certificate of compliance. Accordingly, Plaintiff's remaining post-*Nevitt I* claims seeking an order requiring Judge Fitch to issue a certificate of compliance are subject to dismissal without prejudice for lack of subject matter jurisdiction.

    5. The January 2003 Threatening Phone Call

Judge Fitch argues that the Plaintiff's claims based on the alleged January 2003 threatening phone call are subject to dismissal because they are conclusory. Although a court is required to liberally construe a *pro se* plaintiff's pleadings, mere conclusory allegations will not

---

[3]The Court can *sua sponte* review claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

11

support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Here, the Plaintiff alleges that she "received a phone call from an <u>unknown male</u> from a pay phone in the Albuquerque area stating: 'David's going to jail after the hearing. He won't make it out alive. Have you ever smelled burning flesh Susan?'" Complaint at ¶33(emphasis added). The Plaintiff "<u>feels</u> that it was Defendant Fitch that made the death threat phone call in January 4, 2003...." *Id*. at ¶34(emphasis added). These factual allegations are vague and, thereby, insufficient to support the Plaintiff's otherwise conclusory claim that Judge Fitch was involved in a plot to murder her husband. Consequently, the Plaintiff's claims with respect to the alleged January 2003 threatening phone call are subject to dismissal without prejudice for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

D.  Conclusion

Plaintiff's post-*Nevitt I* §1983 claims based on the January 2003 trial and the January 2003 orders will be dismissed with prejudice; the Plaintiff's other post-*Nevitt I* claims for damages based on the January 2003 trial and the January 2003 orders will be dismissed with prejudice; and the Plaintiff's remaining claims will be dismissed without prejudice. The Court advises Plaintiff that, in filing any future action, she is subject to the requirements of Fed. R. Civ. P. 11, which requires the Court to impose sanctions upon any party who submits a pleading that is not well grounded in fact and law, or that is interposed for an improper purpose, such as to harass or cause unnecessary delay.

IT IS ORDERED that:

1. Defendant's Motion to Dismiss and Memorandum in Support (Doc. No. 5) is granted;

2. Plaintiff's post-*Nevitt I* §1983 claims based on the January 2003 trial and the January 2003 orders will be dismissed with prejudice;

3. Plaintiff's other post-*Nevitt I* claims for damages based on the January 2003 trial and the January 2003 orders will be dismissed with prejudice; and

4. the remainder of the Plaintiff's claims will be dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE