IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN NEVITT,

     Plaintiff,

vs.                                                  Civ. No. 03-155 JP/WDS

THOMAS G. FITCH,

     Defendant.

MEMORANDUM OPINION AND ORDER

On May 19, 2003, the Court granted the Defendant's Motion to Dismiss and Memorandum in Support (Doc. No. 5) and dismissed the Plaintiff's case. Memorandum Opinion and Order (Doc. No. 15); Final Order (Doc. No. 16). On May 29, 2003, the Plaintiff filed Plaintiff's Motion For Reconsideration (Doc. No. 17) in which she asks the Court to reconsider the dismissal of her case under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(1), 60(b)(3), and 60(b)(4). Having reviewed the briefs and relevant law, the Court finds that the Plaintiff's Motion for Reconsideration should be denied.

A. Rule 59(e)

The Court construes the Plaintiff's Motion for Reconsideration to be seeking Rule 59(e) relief on the following grounds:

1) the Defendant (Judge Fitch) lacked jurisdiction in the state case, CV 94-10, because he conspired with others to keep the Plaintiff from being successful in CV 94-10;

2) *res judicata* does not apply in this case because a) Plaintiff's first federal lawsuit, Civ. No. 02-1580 WPJ/LFG, addressed other issues not raised in this case; b) the Plaintiff was not given an opportunity to be heard in Civ. No. 02-1580 WPJ/LFG; c) the Honorable District Judge

William P. Johnson lacked jurisdiction to hear Civ. No. 02-1580 WPJ/LFG; and d) Civ. No. 02-1580 WPJ/LFG has been appealed;

3) Judge Fitch's Motion to Dismiss should have been summarily denied because Judge Fitch failed to comply with D.N.M. LR-Cv 7.4(a);

4)  Judge Fitch was not entitled to judicial immunity because he lacked jurisdiction to hear CV 94-10;

5)  the *Younger* doctrine of abstention is inapplicable because of Judge Fitch's lack of jurisdiction in CV 94-10;

6) the *Rooker-Feldman* doctrine is inapplicable because of Judge Fitch's lack of jurisdiction in CV 94-10; and

7)  the Court improperly failed to consider the Plaintiff's surreply.

Typically, a motion to reconsider is not recognized by the Federal Rules of Civil Procedure.  *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).  The Plaintiff, however, explicitly brings this motion under Rules 59(e) and 60(b).  The court can grant a Rule 59(e) motion to alter or amend judgment for one of three reasons:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id*.  A Rule 59(e) motion, however, is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id*. (citing *Van Skiver v. United States*,

952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992)).  The decision to grant

or deny a Rule 59(e) motion is left to the sound discretion of the trial court. *See Minshall v.*

*McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003)(citation omitted).

Grounds 1 through 6 in support of this Rule 59(e) motion simply rehash Plaintiff's

previous arguments or raise arguments that could have been raised during the briefing of Judge

Fitch's Motion to Dismiss.  The Plaintiff fails to show that the Court "misapprehended the facts, a

party's position, or the controlling law" with respect to those grounds.  *See Servants of the*

*Paraclete*, 204 F.3d at 1012.  Plaintiff's Rule 59(e) motion will be denied as to grounds 1 through

6.

With regard to ground 7 (the Court's failure to consider the Plaintiff's surreply), the Court

notes as it did in its May 19, 2003 Memorandum Opinion and Order at 1, that the Plaintiff failed

to timely file her surreply as permitted by the Court's Order (Doc. No. 12) of April 22, 2003.

The Plaintiff states in her Motion for Reconsideration that she believed the surreply would be

timely filed because she mailed it to the Clerk's Office four days before the filing deadline.

Although this is an inadequate excuse for missing the filing deadline, the Court has reviewed the

surreply and finds that the facts and arguments presented in it would not have changed the

outcome of the May 19, 2003 Memorandum Opinion and Order.  Ground 7, therefore, fails to

support a Rule 59(e) motion.

B.  Rule 60(b)

The Court construes the Plaintiff's Motion for Reconsideration to seek Rule 60(b) relief

on the following grounds:

1)  the Court violated the Code of Judicial Conduct's prohibition against bias by granting

3

Judge Fitch's Motion to Dismiss;

    2)  the Court violated the federal judicial oath of office's prohibition against bias by granting Judge Fitch's Motion to Dismiss; and

    3)  Judge Fitch's Motion to Dismiss should have been summarily denied because the Judge Fitch failed to comply with D.N.M. LR-Cv 7.4(a).

*See* Plaintiff's Motion for Reconsideration at 6 (citing Rule 60(b)(1), 60(b)(3), and 60(b)(4)).

    1.  Rule 60(b)(1):  Mistake

The Plaintiff argues first that she is entitled to Rule 60(b)(1) relief due to the Court's "mistake" in ruling in favor of Judge Fitch.  As an initial matter, the Court notes that "Rule 60(b) relief is only appropriate under extraordinary circumstances."  *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994)(citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).  "[T]he 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).  The Plaintiff's allegations of judicial misconduct by the Court do not attack the legal and factual bases for the May 19, 2003 Memorandum Opinion and Order.  Moreover, those allegations are completely unfounded and speculative.  The Plaintiff's allegations of judicial misconduct do not constitute "mistake" under Rule 60(b)(1).

    In addition, the Court did not make a mistake by failing to summarily deny Judge Fitch's Motion to Dismiss under D.N.M. LR-Cv 7.4(a).  The language in D.N.M. LR-Cv 7.4(a) does not

mandate a summary denial of a motion if a moving party fails to request concurrence of a *pro se*

party before filing a motion.[1]  The discretionary nature of D.N.M. LR-Cv 7.4(a) allowed the

Court to consider the merits of Judge Fitch's Motion to Dismiss.  Additionally, it is always

preferable to examine the merits of a case, if possible.

    2.  Rule 60(b)(3):  Fraud

    Second, the Plaintiff argues that the Court's ruling in favor of Judge Fitch constituted

fraud under Rule 60(b)(3).  To prevail on a Rule 60(b)(3) motion, the movant must prove by clear

and convincing evidence that an adverse party committed the alleged fraud, misrepresentation, or

misconduct.  *Anderson v. Department of Health and Human Services*, 907 F.2d 936, 952 (10th

Cir. 1990).  The movant must also show that the alleged fraud prevented the movant from fully

and fairly presenting movant's case.  *See Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir.

1996); 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and

Procedure* §2860 (2d ed. 1995).  Furthermore, the movant must show that the movant has a good

claim or defense.  *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972), *cert. denied*,

409 U.S. 1126 (1973).  The court has discretion whether to grant or deny a Rule 60(b)(3) motion.

*Id.*

    In this case, the Plaintiff appears to be alleging that the Court, not an adverse party,

engaged in fraud when it ruled in Judge Fitch's favor.  Moreover, the Plaintiff has not shown that

the Court or Judge Fitch prevented her from fully and fairly presenting her case.  Finally, for the

reasons given in the May 19, 2003 Memorandum Opinion and Order, the Plaintiff has failed to

---

[1]Local Rule 7.4(a) states that:  "A motion that omits recitation of a good-faith request for
concurrence <u>may</u> be summarily denied."  Emphasis added.

show that she has a good claim.  In sum, the Plaintiff has not shown by clear and convincing evidence that she is entitled to relief under Rule 60(b)(3).

    3.  Rule 60(b)(4):  Void Judgment

    Third, the Plaintiff argues that she is entitled to relief under Rule 60(b)(4) because the Court's final judgment is void.  "A judgment is void 'only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.'"  *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)(quoting *In re Four Seasons Securities Laws Litigation*, 502 F.2d 834, 842 (10th Cir.), *cert. denied*, 419 U.S. 1034 (1974).  "Setting aside a judgment on voidness grounds is narrowly restricted."  *Mehdipour v. City of Oklahoma City*, 1999 WL 114378 *1 (10th Cir.).  Furthermore, even an erroneous judgment is not a void judgment for Rule 60(b)(4) purposes.  *Id*.

    Here, the Court clearly had federal question jurisdiction to enter the order dismissing the Plaintiff's claims against Judge Fitch as well as personal jurisdiction over the parties.  Moreover, the Court duly considered the Plaintiff's claims and arguments.  The Court, therefore, did not act in violation of the due process of law.  The Plaintiff merely disagrees with the Court's May 19, 2003 Memorandum Opinion and Order.  This is not a basis for Rule 60(b)(4) relief.

    IT IS ORDERED that Plaintiff's Motion For Reconsideration (Doc. No. 17) is denied.


_____
CHIEF UNITED STATES DISTRICT JUDGE

6